UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.

RYAN JOHNSTON,

        Defendant.
_____

1:24-CR-09-RJA

DEFENDANT'S SENTENCING MEMORANDUMN

### PRELIMINARY STATEMENT

      I represent the defendant, Ryan Johnston. On February 29, 2024, Mr. Johnston entered a guilty plea to a one count Information for conduct occurring on August 18, 2023: Count 1, Interstate Communication of Threats in violation of 18 U.S.C. § 875(c). The Plea Agreement anticipated a total offense level of 12 and a criminal history category of II which would result in a sentencing range of 12 to 18 months of imprisonment. Dkt. No. 11 ("Plea Agreement") ¶ 11. A Pre-Sentence Report ("PSR") was prepared on May 23, 2024, which calculated a criminal history category of V and set forth a recommended sentencing range of 27 to 33 months. PSR ¶ 69. For the reasons set forth below, the defense respectfully requests a sentence of between 12 and 18 months as sufficient but not greater than necessary under the facts and circumstances of this case. Sentencing in this case is scheduled for August 21, 2024. I respectfully submit the following sentencing memorandum and exhibits for the Court's consideration at sentencing.

        **Exhibit A**    Letter from Michael Stacy Goins, Ryan Johnston's supervisor

        **Exhibit B**    Letter from Dennis McGee, Ryan Johnston's former landlord

**Exhibit C**     Letter from Andrew Effler, Ryan Johnston's former coworker

## **SENTENCING PROCEDURE**

This Court is required to impose a sentence that is sufficient, *but not greater than necessary*, to comply with the purposes of 18 U.S.C. § 3553(a). 18 U.S.C. § 3553(a) mandates a sentencing court to impose the lower of two sentences when either of the two potential sentences would properly serve the statutory purposes of retribution, deterrence, incapacitation, or rehabilitation. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006). The § 3553(a) factors to be considered when imposing a sentence are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with the needed. . . training or . . . treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for

    (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the Guidelines . . .;

(5) any pertinent policy statement. . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Under §3553(a), the sentencing judge is permitted to find any relevant facts appropriate for determining a sentence, whether that sentence is within or outside the advisory guidelines range.

For the reasons set forth below, a sentence within the range of 12 to 18 months is sufficient but not greater than necessary.

## HISTORY AND CHARACTERISTICS OF MR. JOHNSTON

Mr. Johnston is a dedicated father who desperately wants his children to have a better upbringing than he experienced. Mr. Johnston was only three years old when his single mother was incarcerated for Driving While Intoxicated. PSR ¶ 82. After he was removed from his mother's care, Mr. Johnston was sent to live with his grandparents where his life began to stabilize until the age of nine when his grandmother passed away and he was returned to his mother. *Id*. Mr. Johnston's mother abused alcohol and had significant financial struggles that created a chaotic and unstable home environment for Mr. Johnston. *Id*. Mr. Johnston's struggles at home translated to behavioral difficulties at school where he was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and polysubstance abuse. *Id*. at ¶ 90. Throughout his pre-teen and teenage years, Mr. Johnston frequently ran away from home for months at a time and was in and out of juvenile detention centers and group homes for "troubled" children. *Id*. at ¶ 83. Mr. Johnston took high school classes through the group home, Boys Republic, but once he turned 18 years old, he could no longer attend the classes and was forced to leave the group home. *Id*. at ¶ 97. However, Mr. Johnston did eventually earn his GED in 2012. *Id*. at ¶ 98.

Given his own unstable upbringing, Mr. Johnston is particularly sensitive to instabilities in his daughters' lives. Mr. Johnston maintained a presence in his daughters' lives prior to 2019 when his children's mother moved from North Carolina to Buffalo, New York and "severed all communication with [Mr. Johnston]." *Id*. at ¶ 85. In 2021 and 2022, Mr. Johnston made attempts to regain custody of his daughters after concerns that their mother was abusing drugs; however, Mr. Johnston was not able to afford an attorney at the time to help him navigate that process. *Id*. At the time of the instant offense, Mr. Johnston initially called law enforcement to request a welfare check on his daughters due to his concerns over their safety. *Id*. at ¶ 14. Mr. Johnston takes full responsibility for his actions and has described what happened during the instant offense as "self-destructing" from "bottling up" issues and additional concerns regarding his children. *Id*. He is ashamed of his actions and knows that he needs to make changes in his life to be a better parent to his children.

Over the past few years, Mr. Johnston has made significant strides to get his life on track and provide stability for his two young daughters. Mr. Johnston has maintained a presence in his daughters' lives and financially supports them by providing $500 in child support to their mother each month. *Id*. at ¶ 85. In 2019, Mr. Johnston was hired as a boiler night watchman at Associated Hardwoods, a saw mill. *Id*. at ¶ 100. Over the next few years Mr. Johnston worked his way up to the position of Maintenance Technician II, four steps above the position he was initially hired for. *See* **Exhibit A**. In 2021, Mr. Johnston enrolled in online college for Mechanical Engineering and attended classes for nine months while he continued to work at Associated Hardwoods. *Id*. at ¶ 99. In 2022, Mr. Johnston bought a home. *Id*. at ¶ 106.

Individuals in Mr. Johnston's community have expressed their support for Mr. Johnston and noted that while he does struggle with his emotions and use of alcohol, he is still incredibly

reliable, helpful, and giving. *See* **Exhibit B**. Before he became a homeowner, Mr. Johnston often helped his landlord with maintenance to other rentals without asking for anything in return. *Id*. Prior to his arrest, Mr. Johnston's co-worker noted the time and care Mr. Johnston was putting into remodeling the home he had recently purchased. *See* **Exhibit C**. Before the instant offense, Mr. Johnston was beginning to build a stable life for himself and supporting his daughters as best he could from several states away.

## ACCEPTANCE OF RESPONSIBILITY

Mr. Johnston is ashamed of his actions in this case and he accepts full responsibility for his conduct. Prior to his arrest, Mr. Johnston was a new homeowner, working full time as a Maintenance Technician, and making efforts to stay in his daughters' lives. Despite his difficult upbringing and struggles during his teenage years, Mr. Johnston was finally in a position to create stability and provide a better life for his children than he had. When Mr. Johnston completes his sentence he fully intends to return to work, support his children, and comply with any conditions of supervision that the Court imposes.

## CONCLUSION

For all these reasons, the defense respectfully requests that the Court sentence Mr. Johnston to a sentence within the range of 12 to 18 months, to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a).

**DATED**:             Buffalo, New York, August 7, 2024

                              Respectfully submitted,

/s/ **Brian P. Comerford**
Brian P. Comerford
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
brian_comerford@fd.org
*Counsel for Defendant – Ryan Johnston*

**TO:** Stacey Jacovetti

Assistant United States Attorney